## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

_____

In re:

Mark Foss,

    Debtor.

_____

Mark McGuire,

    Plaintiff,

vs.

Mark Foss,

    Defendant.

_____

BKY Case No.: 16-42369

Adv. No.: _____

**ADVERSARY COMPLAINT**

Plaintiff Mark McGuire ("Plaintiff"), as and for his Adversary Complaint against Defendant Mark Foss ("Defendant"), states and alleges as follows:

1. Plaintiff is a Minnesota resident with a current address of 4099 White Bear Parkway, White Bear Lake, Minnesota 55110.

2. Defendant is a Minnesota resident with a current address, according to his Voluntary Petition, of 4932 105th Lane Northeast, Circle Pines, Minnesota 55014-1566.

3. This adversary proceeding is a core proceeding under 28 U.S.C. §157.

4. This Complaint is brought under Bankruptcy Rule 7001, and this action arises under 11 U.S.C. § 523(a)(4), and other applicable federal and state law. This Court has jurisdiction over this adversary proceeding, and this adversary proceeding is authorized under 28 U.S.C. §§157 and 1334, Bankruptcy Rule 7001, and Local Rule 1070-1.

5. Debtor/Defendant Mark Foss commenced this bankruptcy case on August 10, 2016.

1

6. On or about March 3, 2014, Plaintiff and Defendant entered into a Partnership Agreement ("Agreement"). The Agreement provided that Plaintiff had a 51% ownership interest in the partnership and Defendant had a 49% interest.

7. Plaintiff contributed all of the capital to the partnership.

8. On or about October 5, 2014, Defendant executed a Dissolution of Partnership, relinquishing all of his ownership rights in the partnership.

9. On or about December 19, 2014, Defendant, without Plaintiff's knowledge or authorization, withdrew $20,000.00 ("Funds") from the partnership checking account maintained at BankCherokee. Defendant then used these Funds for his personal use.

10. Despite demand from Plaintiff, Defendant refused to return the Funds.

11. On September 29, 2015, Plaintiff commenced a civil action against Defendant in Anoka County District Court (Court File No. 02-CV-15-5181) ("District Court"), alleging that Defendant was liable to Plaintiff for the Funds Defendant had stolen under the stated counts of civil theft and conversion.

12. On November 18, 2015, Plaintiff moved for default judgment after Defendant failed to submit an Answer within the allotted timeframe under the Minnesota Rules of Civil Procedure.

13. On February 9, 2016, Defendant filed a notice of motion and motion to deny Plaintiff's motion for default judgment.

14. After hearing oral argument on February 23, 2016, the District Court granted Plaintiff's motion for default judgment on May 4, 2016, finding that Defendant "has alleged many defenses, but the factual allegations necessary to support those defenses create glaring inconsistencies." The District Court also found that it was "highly unlikely" that Defendant had

been truthful in several of Defendant's representations to the District Court, a pattern of untruthfulness that Defendant has carried over to his bankruptcy case.

15. The District Court awarded judgment in Plaintiff's favor in the amount of $20,700.00.

## COUNT I (NON-DISCHARGEABILITY / LARCENY)

16. Plaintiff hereby realleges and incorporates herein by reference the foregoing paragraphs of this Complaint.

17. Defendant came into possession of the Funds by unlawfully and intentionally stealing them from Plaintiff.

18. The District Court entered judgment in favor of Plaintiff on Plaintiff's civil theft and conversion claims, noting that by Defendant admitting to the withdraw of the Funds, that Defendant had thereby admitted "one of the crucial facts in Plaintiff's conversion and theft claims…" The District Court held that Defendant had no reasonable defense to Plaintiff's conversion and civil theft claims.

19. Plaintiff's claim against Defendant is non-dischargeable pursuant to 11 U.S.C. § 523(a)(4).

**WHEREFORE**, Plaintiff respectfully requests that the Court enter an order and judgment against Defendant as follows:

1. That Plaintiff's claim against Defendant is non-dischargeable pursuant to 11 U.S.C. § 523(a)(4).

2. For all costs and disbursements allowed by law; and,

3. For such other relief as the Court deems just and equitable in the premises.

**FULLER, SEAVER, SWANSON & KELSCH, P.A.**

Dated: November 4, 2016

By: /e/  Chad A. Kelsch
Chad A. Kelsch (#300974)
5500 Wayzata Blvd., Suite 1025
Golden Valley, MN 55416
Phone: (763) 398-1676
Fax: (763) 591-1653
ckelsch@fssklaw.com

Attorneys for Plaintiff